**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAPHAEL CHRISTOPHER,** | : | **CIVIL ACTION NO. 1:04-CV-0977** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **FREDERICK NESTLERODE, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## **AMENDING ORDER**

AND NOW, this 28th day of June, 2005, upon consideration of the memorandum and order (Doc. 121) entered in the above-captioned case on June 22, 2005, and in light of its publication, it is hereby ORDERED that the memorandum and order (Doc. 121) is AMENDED as follows:

1. In the citation sentence of the final sentence of the first full paragraph of page 3, a period is inserted after the closing parenthesis, so that the citation sentence reads:  (See, e.g., Doc. 57 ¶¶ 8-11; Doc. 79, Ex. B at 81-91; Doc. 79, Ex. F).

2. In the second sentence of the final paragraph of page 4, the phrase "of the deputy sheriffs" is deleted and is replaced with the phrase "of deputy sheriffs," so that the sentence reads:  Hose possessed final authority in the County of York for the supervision and training of deputy sheriffs, all of whom were required to complete courses on cultural awareness and constitutional criminal procedure.

3. In the second sentence of footnote 4, the phrase "in order" is inserted after the term "regulations," so that the sentence reads:  They must also complete minimum education requirements relating to vehicle and traffic regulations in order to be authorized to enforce provisions of the Pennsylvania Motor Vehicle Code.

4.  In the third sentence of the final paragraph of page 4, the phrase "violations of department policy" is deleted and is replaced with the phrase "an incident," so that the sentence reads:  He had previously suspended Nestlerode for an incident related to the prolonged detention of "two black and two Hispanic inmates."

5.  In the fourth sentence of the final paragraph of page 4, the term "incidents" is deleted and is replaced with the term "infractions," so that the sentence reads:  Nestlerode had also been issued misconducts (by officials other than Hose) for infractions involving breach of standard protocols and abuse of position.

6.  In the fourth sentence of the first full paragraph of page 5, the phrase "A series of cross-motions" is deleted and is replaced with the term "Cross-motions," so that the sentence reads:  Cross-motions for summary judgment were filed in December 2004 and, with leave of court, in April 2005.

7.  In the citation sentence of the first continuing sentence of the first continuing paragraph of page 6, the signal "see also" is deleted and is reinserted before the term "Celotex," so that the citation sentence reads:  Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 314 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

8.  In the second sentence of the first paragraph of page 7, the term "claim" is deleted and is replaced with the term "assert," so that the sentence reads:  Defendants initially assert that plaintiff has failed to demonstrate a substantive violation of his federal rights.

9.  In the second citation sentence of footnote 12, the phrase "J. Harvie Wilkinson III, Our Structural Constitution, 104 COLUM. L. REV. 1687 (2004); Akhil Reed Amar, The Bill of Rights as a Constitution, 100 YALE L.J. 1131 (1991)" is deleted and is replaced with the phrase "Akhil Reed Amar, The Bill of Rights as a Constitution, 100 YALE L.J. 1131 (1991); J. Harvie Wilkinson III, Our Structural Constitution, 104 COLUM. L. REV. 1687 (2004)," so that the second citation sentence reads:  See generally JACK N. RAKOVE, ORIGINAL MEANINGS: POLITICS AND IDEAS IN THE MAKING OF THE CONSTITUTION (1997); GORDON S. WOOD, THE CREATION OF THE AMERICAN REPUBLIC, 1776-1787 (1969); Akhil Reed Amar, The Bill of Rights as a Constitution, 100 YALE L.J. 1131 (1991); J. Harvie Wilkinson III, Our Structural Constitution, 104 COLUM. L. REV. 1687 (2004).

10. In the second citation sentence of footnote 14, the phrase "Shirley S. Abrahamson, Criminal Law and State Constitutions:  The Emergence of State Constitutional Law, 63 TEX. L. REV. 1141 (1985)" is deleted and is reinserted after the signal "See generally" and the semicolon after the term "(1977)" is deleted and is reinserted after the term "(1985)," so that the second citation sentence reads:  See generally Shirley S. Abrahamson, Criminal Law and State Constitutions:  The Emergence of State Constitutional Law, 63 TEX. L. REV. 1141 (1985); William J. Brennan, Jr., The Bill of Rights and the States:  The Revival of State Constitutions as Guardians of Individual Rights, 61 N.Y.U. L. REV. 535 (1986); William J. Brennan, Jr., State Constitutions and the Protection of Individual Rights, 90 HARV. L. REV. 489 (1977).

11. In the first sentence of footnote 15, the phrase "under which the Bill of Rights has" is deleted and is replaced with the phrase "under which most provisions of the Bill of Rights have," so that the sentence reads:  For an interesting critique of the incorporation doctrine, under which most provisions of the Bill of Rights have been held to apply to states through the Fourteenth Amendment, see George C. Thomas III, When Constitutional Worlds Collide:  Resurrecting the Framers' Bill of Rights and Criminal Procedure, 100 MICH. L. REV. 145 (2001) (citing, among others, MICHAEL KENT CURTIS, NO STATE SHALL ABRIDGE (1986), and RAOUL BERGER, GOVERNMENT BY JUDICIARY:  THE TRANSFORMATION OF THE FOURTEENTH AMENDMENT (2d ed. 1997)).

12. In the citation sentence of footnote 23, a closing quotation mark is inserted after the term "Amendment," so that the citation sentence reads:  See also Michigan v. DeFillippo, 443 U.S. 31, 36 (1979); United States v. Mota, 982 F.2d 1384, 1386-89 (9th Cir. 1993); cf. Pringle, 540 U.S. at 369-70 (considering state arrest law to the extent that it is "is consistent with the Fourth Amendment"); United States v. Watson, 423 U.S. 411, 416-17 (1976) (same) (citing Di Re, 332 U.S. at 585); Ker, 374 U.S. at 37 (same); Henry v. United States, 361 U.S. 98, 100 (1959) (same).

13. In the citation sentence of the first continuing sentence of the first continuing paragraph of page 18, the phrase "United States v." is deleted, so that the citation sentence reads:  See Thornton, 124 S. Ct. at 2130-31 (citing Robinson, 414 U.S. at 235; Chimel v. California, 395 U.S. 752, 763 (1969)).

14. In the citation sentence of the third sentence of footnote 25, the term "issue" is deleted and is replaced with the term "topic," so that the citation sentence reads:  <u>See, e.g.</u>, <u>McKay</u>, 41 P.3d at 70-71; 1 LaFave, <u>supra</u> note 11, § 1.5(b); <u>see also</u> <u>supra</u> note 24; <u>cf.</u> Clancy, <u>supra</u> note 11, at 174-88 (addressing this topic).

15. In the first continuing sentence of the first continuing paragraph of page 23, the phrase "violation to the Fourteenth Amendment" is deleted and is replaced with the phrase "violation of the Fourteenth Amendment," so that the sentence reads:  Selective enforcement of laws or regulations, based on race or ethnicity of an individual, may give rise to a violation of the Fourteenth Amendment.

16. In the second sentence of the final paragraph of page 23, the term "actions" is deleted and is replaced with the term "conduct," so that the sentence reads:  There must also exist a causal connection between the violation and the conduct of a person acting "under color of state law," such that it is fair to hold the person responsible for the harm.

17. In the second sentence of the final paragraph of page 24, the phrase "*post hoc*" is deleted and is replaced with the phrase "*post facto*," so that the sentence reads:  It is insufficient to show mere acquiescence, knowledge, or *post facto* approval.

18. In the second sentence of the final paragraph of page 26, the phrase "have admonished" is deleted and is replaced with the term "admonishes," so that the sentence reads:  A series of Supreme Court cases stretching over the last thirty years admonishes state officers that a stop of a vehicle must be based at least on reasonable suspicion and must not be premised on discriminatory animus.

19. In the final sentence of the final paragraph of page 26, the phrase "Christopher's Fourth and Fourteenth Amendments" is deleted and is replaced with the phrase "Christopher's rights under the Fourth and Fourteenth Amendments," so that the sentence reads:  This would represent a clear violation of Christopher's rights under the Fourth and Fourteenth Amendments, and liability may lie against these defendants.

20. In the citation sentence of the final sentence of the first full paragraph of page 27, the term "<u>Social</u>" is deleted and is replaced with the term "<u>Soc.</u>," so that the citation sentence reads:  <u>Id.</u>; <u>see also</u> <u>City of Canton v. Harris</u>, 489 U.S. 378, 388 (1989); <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978).

4

21. In the citation sentence of the first full sentence of the first continuing paragraph of page 29, a comma is inserted after the signal "See, e.g.," so that the citation sentence reads: See, e.g., U.S. CONST. amend. XIV, § 1.

22. In the final sentence of the final paragraph of page 29, the phrase "Nestlerode or Kerr were" is deleted and is replaced with the phrase "either was," so that the sentence reads: Nothing in these officers' personnel records would put a supervisor on notice that either was likely to effect stops without probable cause or to engage in racial profiling.

23. In the first continuing sentence of the first continuing paragraph of page 31, the phrase "African-American individuals" is deleted and is replaced with the term "African-Americans," so that the sentence reads: Race relations have been a matter of public discussion in York for some time, and Hose was aware of accusations that white law enforcement officials treated African-Americans unequally.

24. In the second sentence of the first full paragraph of page 32, the term "on" is deleted, so that the sentence reads: These rights do not flow from, and cannot be dependent upon, the policies of a single state.

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge