# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAPHAEL CHRISTOPHER,** | : | **CIVIL ACTION NO. 1:04-CV-0977** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **FREDERICK NESTLERODE, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Of central importance to a claim of unconstitutional seizure, such as the one raised by plaintiff in this case, is the construction of state criminal law. A public seizure of an individual is constitutionally reasonable if the facts known to the officer plausibly establish probable cause to believe that the individual had committed, or was committing, a criminal offense as defined by the law of the state in which the seizure occurred. See, e.g., Johnson v. Campbell, 332 F.3d 199, 205-14 (3d Cir. 2003). The seizure in this case, a traffic stop, was conducted by deputies of a Pennsylvania sheriff's department after they purportedly saw the car operated by plaintiff pass their vehicle at approximately twice the posted speed limit. The potentially dispositive question now raised by plaintiff, in a motion for judgment as a matter of law, is whether this estimation of speed, based on a momentary

observation of plaintiff's car, can arguably satisfy the elements of an offense under Pennsylvania law.[1]

The facts allegedly known to the deputies at the time of the seizure, that plaintiff was speeding on a wet roadway, possibly give rise to two offenses under the Pennsylvania Motor Vehicle Code: driving a vehicle at an unsafe speed, 75 PA. CONS. STAT. § 3361, and driving a vehicle in excess of maximum speed limits, 75 PA. CONS. STAT. § 3362.[2] The two offenses are obviously related, but they are not equivalent. A person violates section 3361 when he or she "drives at a speed greater than is reasonable and prudent under the conditions," regardless of whether the speed exceeded posted maximum limits; a person violates section 3362 when he or she "drive[s] . . . at a speed in excess of the [posted] maximum limits,"

---

[1] The motion was made at the conclusion of plaintiff's case-in-chief, before defendants had the opportunity to offer evidence on their own behalf, and for this reason would normally be deemed premature. See FED. R. CIV. P. 50(a)(1) (providing for entry of judgment as a matter of law "[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue"). However, defense counsel stipulated that defendants had been "fully heard" on this precise issue, permitting the court to consider the motion at this stage of the proceedings. See id.; see also infra note 3.

[2] The deputies issued to plaintiff a citation for a violation of section 3361, but they did not issue a citation—and apparently believed that they lacked authority under state law even to stop plaintiff—for a violation of section 3362. Of course, the deputies' charging decisions and subjective beliefs as to their own authority do not inhibit the trier of fact from finding, based on the facts then known to the officers, that probable cause to suspect plaintiff of an offense under section 3362 (or any other criminal provision) supported the seizure for purposes of the Fourth Amendment. See Devenpeck v. Alford, 125 S. Ct. 588, 593-94 (2004) ("[A]n arresting officer's . . . subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause."); see also Wright v. City of Philadelphia, 409 F.3d 595, 602-03 (3d Cir. 2005).

regardless of whether the speed was otherwise reasonable under the conditions. See, e.g., Commonwealth v. Heberling, 678 A.2d 794, 795-97 (Pa. Super. Ct. 1996), cited with approval in Commonwealth v. Johnson, 846 A.2d 161, 164-66 (Pa. Super. Ct. 2004).

The motion does not dispute that a jury could reasonably find, based on the facts known to the deputies at the time of the seizure, that they possessed probable cause to believe that plaintiff was driving "at a speed greater than is reasonable and prudent under the conditions" and "at a speed in excess of the [posted] maximum limits."[3] See 75 PA. CONS. STAT. §§ 3361, 3362. Instead, plaintiff contends that a separate section of the Motor Vehicle Code, 75 PA. CONS. STAT. § 3368, which requires law enforcement officers to follow a car for at least three-tenths of a mile in ascertaining its speed by use of a speedometer, constitutes another, independent element of these offenses. Because the deputies admittedly did not comply with

---

[3] The instant motion does not challenge the "quantum of individualized suspicion" possessed by the deputies as to the existence of a criminal violation, see, e.g., Atwater v. City of Lago Vista, 532 U.S. 318, 340-45 (2001) (noting that existence of probable cause is a matter of federal law); Elkins v. United States, 364 U.S. 206, 215 (1960) (same), but addresses solely the elements necessary to establish the criminal violation, see, e.g., Johnson, 332 F.3d at 205-14 (noting that definition of a criminal violation is a matter of state law). The denial of this motion is without prejudice to raise the former issue in a motion for judgment as a matter of law at the conclusion of defendants' case-in-chief. See FED. R. CIV. P. 50(a); see also supra note 1.

these requirements, plaintiff argues that they lacked probable cause to believe that a traffic offense had been committed.[4]

This position is not without support. Several decisions of the Pennsylvania judiciary, including one by the state supreme court, arguably hold that speed estimates offered by officers cannot support a finding of probable cause to suspect a violation of section 3361 or section 3362 unless those estimates were obtained in a

---

[4] It cannot reasonably be argued that, because state courts would suppress the speeding estimates on statutory grounds, the estimates must be excluded from this proceeding. See, e.g., United States v. Rickus, 737 F.2d 360, 363-64 (3d Cir. 1984) (stating that a violation of state law evidentiary limitations does not affect admissibility of evidence in federal proceedings). Issues relating to the relevance of state law to the constitutional reasonableness of a seizure were explored in depth in the prior decision of the court in this case, see Christopher v. Nestlerode, No. 1:04-CV-0977, 2005 WL 1460433 (M.D. Pa. June 22, 2005), familiarity with which is presumed.

manner consistent with section 3368.[5]  See, e.g., Commonwealth v. Whitmyer, 668 A.2d 1113, 1117 (Pa. 1995).  Although the supreme court has never defined these limitations as an "element" of driving at an unsafe speed or in excess of maximum speed limits, the superior court has occasionally done so (but without discussing the basis for this characterization).  See, e.g., Commonwealth v. Kaufman, 849 A.2d 1258, 1259 (Pa. Super. Ct. 2004); Commonwealth v. Masters, 737 A.2d 1229, 1230 (Pa. Super. Ct. 1999).

---

[5] Indeed, the Superior Court of Pennsylvania, in addressing an appeal brought by plaintiff in the state criminal case, overturned his conviction based on the finding that the deputies lacked probable cause to suspect a violation of section 3361 because they did not use an appropriate method under section 3368 to estimate his speed.  See Commonwealth v. Christopher, No. 826 MDA 2004, slip op. at 7-9 (Pa. Super. Ct. Mar. 24, 2005).  Of course, the criminal judgment does not have preclusive effect in this proceeding.  See Padilla v. Miller, 143 F. Supp. 2d 453, 464-66 (M.D. Pa. 1999); see also Turpin v. County of Rock, 262 F.3d 779, 782-83 (8th Cir. 2001); Smith v. Holtz, 30 F. Supp. 2d 468, 474-77 (M.D. Pa. 1998), aff'd, 210 F.3d 186 (3d Cir. 2000).  See generally 18B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 4474 (2d ed. 1998); Diane M. Allen, Annotation, Res Judicata or Collateral Estoppel Effect of Prior Criminal Proceedings on Subsequent Civil Rights Action Brought Under 42 U.S.C.A. § 1983, 68 A.L.R. FED. 861 (1984).  In fact, that decision is not even admissible in this case, as it constitutes hearsay, see FED. R. EVID. 801, 802, represents improper lay opinion, see id. 701, and would be unfairly prejudicial to defendants in light of any limited probative value, see id. 403.  See also United States v. Jones, 29 F.3d 1549, 1554 (11th Cir. 1994) (citing Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 505 F. Supp. 1125, 1185 (E.D. Pa. 1980) (Becker, J.)); Nipper v. Snipes, 7 F.3d 415, 417-18 (4th Cir. 1993).  See generally JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE §§ 803.10, 803.24 (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 1997); John E. Theuman, Annotation, Admissibility of Showing, in Action in Federal Court Under 42 U.S.C.A. § 1983 Based on Conduct of Police Officers, That Criminal Charges Brought Against Plaintiff in Connection with Incident Giving Rise to Action Were Dismissed or That Plaintiff Was Acquitted on Some or All Charges, 143 A.L.R. FED. 621 (1998).

Despite these conclusory pronouncements, it is clear from both a statutory-interpretation and a common-sense standpoint that the limitations of section 3368 do not constitute an "element" of either section 3361 or section 3362. A traffic offense is defined under Pennsylvania law as a violation of a provision of the Motor Vehicle Code. See 75 PA. CONS. STAT. § 6502(a); see also id. § 3362(c). The provisions of sections 3361 and 3362 proscribe, respectively, "driv[ing] at a speed greater than is reasonable and prudent under the conditions" and "driv[ing] . . . at a speed in excess of the [posted] maximum limits." Id. §§ 3361, 3362(a). Nothing in these provisions relates to the methods by which an officer may estimate speed or refers to the limitations of section 3368; thus, whether an investigating officer complies with these limitations is statutorily irrelevant to whether a *prima facie* violation of section 3361 or section 3362 has been established. See id. The only "element" of these provisions is whether the individual drove his or her vehicle at a speed unreasonable under conditions or in excess of posted speed limits. See id.; see also Commonwealth v. Minnich, 874 A.2d 1234, 1236-37 (Pa. Super. Ct. 2005); Commonwealth v. Butler, 856 A.2d 131, 135 (Pa. Super. Ct. 2004); Johnson, 846 A.2d at 165-66; Heberling, 678 A.2d at 795-97; Commonwealth v. Kondor, 651 A.2d 1135, 1138 (Pa. Super. Ct. 1994).

This construction accords with principles of statutory interpretation mandated by Pennsylvania law. Section 103 of the Pennsylvania Crimes Code states that the "material element[s] of an offense" include those matters connected with "the harm or evil incident to conduct[] sought to be prevented by the law

6

defining the offense" or "the existence of a justification or excuse for such conduct." 18 PA. CONS. STAT. § 103.  The harm to be prevented by sections 3361 and 3362, as their titles imply, is driving on the roads of the state at unsafe and excessive speeds.  See, e.g., Marks v. Mobil Oil Corp., 562 F. Supp. 759, 770-72 (E.D. Pa. 1983), aff'd, 727 F.2d 1100 (3d Cir. 1984).  Whether police use an acceptable method of estimating speed does not relate to the harm to be prevented by the offense, or "justify" or "excuse" the conduct.  See, e.g., 18 PA. CONS. STAT. §§ 309, 503.  It merely provides procedural limitations on the means by which the police may gather evidence of other offenses.  See 75 PA. CONS. STAT. § 3368.  These limitations cannot be deemed "elements" of the offenses of driving at an unsafe speed or driving in excess of posted limits.

Indeed, it would clearly lead to absurd results if these limitations constituted an element of these offenses.  A hallmark of constitutional due process is the requirement that criminal laws give adequate notice of what conduct constitutes an offense.  See, e.g., Kolender v. Lawson, 461 U.S. 352, 357-58 (1983).  However, under the construction proposed by plaintiff, an individual driving on the street would have no means by which to know whether his or her conduct was criminal unless he or she knew that an officer had been following for three-tenths of a mile. Cf. 1 PA. CONS. STAT. §§ 1922, 1925 (stating preference for constitutional construction of statutes).  This construction renders the officer a sort of "co-conspirator" in the offense:  an essential part of its occurrence.  This is clearly absurd.  Cf. id. § 1922 (stating preference for construction of statue that is not

"absurd"). And, it cannot be doubted that, if a person admitted to speeding and wished to plead guilty, the Pennsylvania courts would accept the plea *without* an admission by an officer that he or she had followed the car for three-tenths of a mile. Cf. Kondor, 651 A.2d at 1138 (concluding that individual was guilty of speeding based on personal admissions). Put simply, the occurrence of unsafe driving or speeding cannot be dependent on the actions of an officer. The contrary construction must be rejected.

The Pennsylvania decisions that seem to support the contrary construction may be explained on a number of grounds. Courts have interpreted section 3368 as dually prescriptive and prohibitive, requiring officers to follow the enumerated procedures to the exclusion of all others. See Commonwealth v. Martorano, 563 A.2d 1229, 1232-33 (Pa. Super. Ct. 1989) (en banc), cited in Commonwealth v. Cohen, 605 A.2d 814, 816-18 (Pa. Super. Ct. 1992); see also Whitmyer, 668 A.2d at 1117. Estimates made outside of its provisions are suppressed as a matter of standard practice from most criminal traffic prosecutions, including those for driving at an unsafe speed and in excess of posted limits. Absent such evidence, the prosecution normally fails. See, e.g., id.; Kaufman, 849 A.2d at 1259-61; Commonwealth v. Kittelberger, 616 A.2d 1, 3-5 (Pa. Super. Ct. 1992); Martorano, 563 A.2d at 1232-33. That the Pennsylvania lower courts would occasionally refer to the limitations of section 3368 as an element of these offenses is understandable in light of the normal result of suppression.

Indeed, an older case from the Supreme Court of Pennsylvania, discussing a prior version of section 3368, which substantially tracked the current provision but was then included as a subsection of the general statute establishing maximum speed limits, see PA. STAT. ANN. tit. 75, § 1002(d) (Purdon's 1962), expressly recognizes this distinction.  In Commonwealth v. Bartley, 191 A.2d 673 (Pa. 1963), the supreme court held that the prior version "does not *define* the offense of speeding but, instead, prescribes the *methods* by which a speeding offense must be ascertained and the type of evidence necessary to prove such violation."  Bartley, 191 A.2d at 290 (first emphasis added).  Evidence obtained in violation of the statute could not support a conviction for speeding and should be suppressed, but the limitations on police procedures do not constitute an "element" of the offense.  This reasoning is fully consistent with the current version of the statute (which, notably, has been moved to an independent section, see 75 PA. CONS. STAT. § 3368 (enacted 1976)), and explains the dispositions of more recent Pennsylvania cases, despite the ambiguity of their rationales.[6]

The estimation of speed offered by the deputies in this case, in conjunction with their description of the roadway conditions, could arguably support a finding that plaintiff was driving "at a speed greater than is reasonable and prudent under

---

[6] Accord Commonwealth v. Faust, 832 A.2d 432, 433-34 (Pa. 2003) (Eakin, J., dissenting from dismissal of appeal as improvidently granted) (identifying the "prevalent misinterpretation" by lower courts "that Commonwealth v. Whitmyer, 668 A.2d 1113 (Pa. 1995), permits a traffic stop only upon proof of the ability to convict, rather than probable cause," and stating that "[a] valid clock is needed to convict of speeding, but it is not necessary for probable cause").

the conditions" and "at a speed in excess of the [posted] maximum limits."  Based on this finding, and notwithstanding any potential violation of the evidentiary limitations of section 3368, the trier of fact could reasonably conclude that probable cause existed to believe that plaintiff was violating Pennsylvania law, see 75 PA. CONS. STAT. §§ 3361, 3362, providing constitutionally reasonable grounds for the stop.  See Johnson, 332 F.3d at 205-14; United States v. Rickus, 737 F.2d 360, 363-64 (3d Cir. 1984).  These issues must be committed to the jury for resolution.

An appropriate order will issue.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:        July 7, 2005

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAPHAEL CHRISTOPHER,** | : | **CIVIL ACTION NO. 1:04-CV-0977** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **FREDERICK NESTLERODE, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 7th day of July, 2005, upon consideration of plaintiff's motion for judgment as a matter of law, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion is DENIED.

                                                S/ Christopher C. Conner
                                                CHRISTOPHER C. CONNER
                                                United States District Judge