**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAPHAEL CHRISTOPHER,** | : | **CIVIL ACTION NO. 1:04-CV-0977** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **FREDERICK NESTLERODE, et al.,** | : | |
| **Defendants** | : | |

### MEMORANDUM

Presently before the court is a motion in limine in which plaintiff challenges the admissibility of a disposition sheet prepared by a representative of the York County Sheriff's Department designating the race of persons who were issued traffic citations since 1997 and a traffic study prepared by the same representative comparing those designations to the overall percentages of minorities residing in York County.  The motion will be granted.

It is clear, as an initial matter, that the traffic study represents improper lay opinion.  The study purports to compare the racial characteristics of persons stopped by the York County Sheriff's Department to the racial characteristics of the population as a whole.  Conducting this type of analysis obviously implicates a degree of specialized knowledge, and requires a reliable methodology.  See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 591-95 (1993); see also Chavez v. Ill. State Police, 251 F.3d 612, 641 (7th Cir. 2001); DeLuca v. Merrell Dow Pharms., Inc., 911 F.2d 941, 955 (3d Cir. 1990).  Yet, the person who prepared the report is neither offered nor qualified as an expert in statistics or demographic analysis, and

the study betrays obvious (and conceded) methodological flaws.  The study is not sufficiently reliable to support admission.  See FED. R. EVID. 701; see also id. 403.

The disposition sheet is of a different character.  It is simply a compilation of information derived from records of traffic citations maintained by the York County Sheriff's Department in the normal course of business.  See id. 803(8) (permitting admission of hearsay public records and reports).  Although the racial designations listed in the sheet represent the opinions of the officer who reviewed the files, these were based on the officer's own, rational perceptions of photographs and names of persons to whom citations were issued.  See id. 701 (permitting opinion by lay witness if "rationally based on the perception of the witness [and] . . . not based on . . . specialized knowledge").  The information is not clearly inadmissible on grounds of hearsay or improper opinion.

However, in the opinion of the court, the probative value of the disposition sheet is insufficient to support its admission.  The document simply lists the racial characteristics of other persons who were issued citations by defendants, without providing any context for the data.  It does not explain the circumstances of these incidents or whether the citations were challenged.  It does not provide a benchmark by which a trier of fact could determine whether the percentage of minority individuals issued citations is proportionally greater than that of the general population.  And the underlying data is based on the potentially unreliable suppositions of the officer who reviewed the citations listed.  The disposition sheet provides little basis by which the jury could determine, one way or the other,

whether defendants possessed a discriminatory intent at the time of the stop.  See Chavez, 251 F.3d at 641-46; see also United States v. Barlow, 310 F.3d 1007, 1010-12 (7th Cir. 2002) (detailing similar relevance and reliability problems in report of racial statistics); United States v. Alcaraz-Arellano, 302 F. Supp. 2d 1217, 1229-34 (D. Kan. 2004) (same).

The minimal probative value of the document is substantially outweighed by the potential for confusion of the issues and unfair prejudice.  A jury would likely be disposed to give the disposition sheet unwarranted weight merely because it is presented as an official document prepared pursuant to government authority.  These concerns are sufficient to militate against introduction of the document.  It will be excluded from trial.[1]  See FED. R. EVID. 403.

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        June 30, 2005

---

[1] The motion does not challenge, and the court need not address, the admissibility of specific prior instances during which defendants effected stops of or issued citations to non-minority individuals.  Cf. Ansell v. Green Acres Contracting Co., 347 F.3d 515, 520-25 (3d Cir. 2003) (discussing admissibility of "intent" evidence under Federal Rules of Civil Procedure 401 and 404(b)).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAPHAEL CHRISTOPHER,** | : | **CIVIL ACTION NO. 1:04-CV-0977** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **FREDERICK NESTLERODE, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 30th day of June, 2005, upon consideration of plaintiff's motion in limine (Doc. 93) to exclude evidence relating to a traffic citation disposition sheet and a traffic study prepared by a representative of the York County Sheriff's Department, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 93) is GRANTED as follows: Defendants shall be precluded from introducing at trial the traffic disposition sheet or the traffic study prepared by a representative of the York County Sheriff's Department.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge