**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAPHAEL CHRISTOPHER,** | : | **CIVIL ACTION NO. 1:04-CV-0977** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **FREDERICK NESTLERODE, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the court is a motion in limine in which plaintiff, who claims that defendants effected a stop of his vehicle without probable cause and with discriminatory intent, seeks to exclude evidence of his prior "bad acts."  The challenged evidence includes records from plaintiff's elementary school indicating plaintiff's poor attitude, reports of incidents in which plaintiff violated motor vehicle laws or was involved in accidents, a petition for protection from abuse in which plaintiff's ex-wife levies serious allegations of domestic violence, records of professional misconduct by plaintiff in his capacity as a law enforcement officer, and reports of prior circumstances in which plaintiff accused officials of racial bias or abused his position to avoid a citation during or after a traffic stop.  Most of this evidence is inadmissible as an improper attack on plaintiff's character.

A person may not be judged, in a federal civil case, by their past wrongs. Under *no* circumstance is evidence of a person's character, whether proven by reputation or other instances of misconduct, admissible "to show action in conformity therewith" on a particular occasion.  See FED. R. EVID. 404(a), (b).  While

evidence of prior acts may be introduced for an independent purpose, such as to prove motive or plan or to impeach a witness, it may not be offered to demonstrate that, because the person did something once, he or she is likely to have done it again.  Id.; see also Becker v. Arco Chem. Co., 207 F.2d 176, 189-205 (3d Cir. 2000); cf. FED. R. EVID. 608(b).

Most of the challenged evidence falls squarely within this latter category. Evidence that plaintiff previously violated traffic laws is relevant as proof that he was violating traffic laws when defendants effected the stop.  Evidence that plaintiff previously violated professional rules of conduct is relevant as proof that he was acting improperly during the course of the stop.  Evidence that plaintiff previously filed claims of racial discrimination against officers is relevant as proof that the claims in this case are without merit.[1]  These prior acts are being offered to demonstrate traits of plaintiff's character and to prove that he acted in conformance with those traits in this case.  See Becker, 207 F.2d at 189-205.  They may not be introduced for this purpose.

These prior acts cannot, as defendants argue, be deemed part of plaintiff's "plan" or "*modus operandi*" in challenging assertions of authority through claims of racial discrimination.  There is no evidence that plaintiff prepared, in advance of

---

[1] It should be noted that the record does not support a finding that the prior claims of discrimination raised by plaintiff were groundless or fraudulent, or otherwise clearly reflect on plaintiff's credibility.  See, e.g., Outley v. City of New York, 837 F.2d 587, 591-95 (2d Cir. 1988); see also CHARLES MCCORMICK, MCCORMICK ON EVIDENCE § 196 (John W. Strong ed., 5th ed. 1999); 1 CHRISTOPHER B. MUELLER & LAIRD C. KIRKPATRICK, FEDERAL EVIDENCE § 88 (2d ed. 2004).

the traffic stop, to initiate the instant lawsuit or that he somehow orchestrated the stop as part of a scheme to defraud local governments. At most, these claims reflect plaintiff's propensity for responding to unfavorable situations with allegations of racial discrimination. This propensity is not evidence of plaintiff's "plan" or "*modus operandi*" but of his character.[2] See Becker, 207 F.2d at 189-205; Outley v. City of New York, 837 F.2d 587, 591-95 (2d Cir. 1988); see also Mathis v. Phillips Chevrolet, Inc., 269 F.3d 771, 775-77 (7th Cir. 2001); Gastineau v. Fleet Mort. Corp., 137 F.3d 490, 495-96 (7th Cir. 1998); Hemphill v. Wash. Metro. Area Transit Auth., 982 F.2d 572, 574-75 (D.C. Cir. 1993). The prior acts cannot be admitted to show that plaintiff acted similarly in this case.[3]

Some of the evidence, however, may be relevant for other purposes. The fact that plaintiff was previously subjected to racial discrimination, and did not suffer mental injury as a result, arguably undercuts his allegations of emotional injury in this case. Similarly, the presence of other "stressors" in plaintiff's life, including problems relating to the dissolution of his marriage, may have contributed to the mental problems of which plaintiff complained after the stop. See, e.g., Dillon v.

---

[2] Little discussion need be devoted to defendants' contention that the prior acts demonstrate plaintiff's "habit" of invoking his professional status and blaming others for his own misconduct. These incidents arguably reflect plaintiff's general unfavorable disposition towards assertions of authority (i.e., "character"), but they are not so factually similar as to suggest a rote reaction in particular situations (i.e., "habit"). See FED. R. EVID. 406.

[3] Even assuming *arguendo* that evidence of the prior claims had some probative value for purposes of demonstrating plaintiff's "intent" to raise false allegations, their relevance would be greatly outweighed by the potential for confusion of the issues and unfair prejudice against plaintiff. See FED. R. EVID. 403.

Nissan Motor Co., 986 F.2d 263, 270 (8th Cir. 1993).  And *all* of the challenged evidence could become relevant if plaintiff testifies inconsistently as to the underlying facts during trial.  See, e.g., United States v. Abel, 469 U.S. 45, 50-53 (1984), cited in FED. R. EVID. 608 advisory comm. notes-2003; see also Becker, 207 F.2d at 189-205.

The admissibility of the evidence will depend, in large part, on the context in which it is introduced.  See FED. R. EVID. 403.  In light of the limited and partially contingent purposes for which the challenged evidence may be admissible, the court will grant the motion in limine without prejudice to defendants' right to request leave to introduce the evidence during the course of trial.  At that time, and with an appropriate proffer, the court will be able to conduct the necessary weighing of the probative value of the evidence against its potential for prejudice.  See id.; see also Becker, 207 F.2d at 189-205.

An appropriate order will issue.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     June 30, 2005

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAPHAEL CHRISTOPHER,** | : | **CIVIL ACTION NO. 1:04-CV-0977** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **FREDERICK NESTLERODE, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 30th day of June, 2005, upon consideration of plaintiff's motion in limine (Doc. 108) to exclude evidence of plaintiff's character and other wrongs allegedly committed by plaintiff, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 108) is GRANTED as follows:

1. Defendants shall be precluded from introducing at trial evidence relating to plaintiff's prior acts, as described in the motion (Doc. 108).

2. Defendants shall be permitted to request leave during the course of trial to introduce, for permissible purposes, specific evidence relating to plaintiff's prior acts, as described in the motion (Doc. 108).

                                                        S/ Christopher C. Conner
                                                        CHRISTOPHER C. CONNER
                                                        United States District Judge